FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2012 DEC 26 A 10: 48
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

La'DARRELLE RHAMEK DIXON,

  Plaintiff,

v.           CIVIL ACTION NO.: CV512-129

MARTIN H. EAVES; Judge MICHAEL
D. DeVANE; and MELANIE J.
BROGDEN,

  Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff La'Darrelle Rhamek Dixon ("Plaintiff"), an inmate currently incarcerated at McIntosh Law Enforcement Center in Darien, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action pursuant to § 1983 must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 and 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Court of Appeals for the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions of § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. Although the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges that during the course of his criminal trial a charge for which he was not indicted was added to the verdict form and that he was ultimately convicted of that charge. Plaintiff alleges that his attorney, Martin H. Eaves, did not object when the additional charge was added to the verdict form. Plaintiff names as Defendants Eaves, Superior Court Judge Michael D. DeVane, and Assistant District Attorney Melanie J. Brogden.

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

AO 72A
(Rev. 8/82)

Plaintiff's allegations against Eaves do not state a claim under § 1983 because "the Supreme Court has held 'a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" Wilson v. Dollar-Thrifty Auto Group-South Fla. Transport, 286 F. App'x 640, 641–42 (11th Cir. 2008) (quoting Polk County v. Dodson, 454 U.S. 312, 325 (1981)). Plaintiff's allegations against Eaves are essentially ineffective assistance of counsel allegations. Therefore, Plaintiff alleges harm caused by a private actor.

Plaintiff's allegations against DeVane do not state a claim under § 1983 because "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity." Williams v. Alabama, 425 F. App'x 824, 826 (11th Cir. 2011) (quoting Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000)). Plaintiff's allegations against DeVane arise from his criminal trial. Therefore, Plaintiff's attempted claims are barred by judicial immunity.

Plaintiff's allegations against Brogden do not state a claim under § 1983 because prosecutors enjoy "absolute immunity in § 1983 actions for activities that are 'intimately associated with the judicial phase of the criminal process.'" Hart v. Hodges, 587 F.3d 1288, 1294 (11th Cir. 2009) (quoting Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009)). Initiating a prosecution is intimately associated with the judicial phase of the criminal process. Id. at 1295. Therefore, even if Brodgen did ultimately prosecute Plaintiff on a charge for which he was not indicted, Plaintiff's attempted claims are barred by prosecutorial immunity.

Furthermore, at least a portion of Plaintiff's requested relief is not appropriate for an action filed under § 1983. Plaintiff seeks to have the judgment entered against him

AO 72A
(Rev. 8/82)

vacated. This form of relief would be more appropriately sought in a habeas corpus petition brought under 28 U.S.C. § 2254. See, e.g., Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994).

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 26th day of December, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)